**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**John DOE, aka Mario Brooks,**
**Defendant—Appellant.**

**No. 05–10218.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy S. Vasquez, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: NOONAN, TASHIMA, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Appellant John Doe, aka Mario Brooks (Doe), was convicted after a jury trial of making a false statement in an application for a passport in violation of 18 U.S.C. § 1542. Doe appeals.

Doe's only claim on appeal concerns an alleged flaw in the jury selection process. Doe, an African–American, alleged that the prosecution used three of its first four peremptory challenges to strike African–Americans from the venire in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The district court judge sustained the *Batson* challenges as to two of the jurors, and overruled as to the third. Doe appeals the denial of his *Batson* challenge as to the third juror, Juror X.

Peremptory challenges in jury selection may not be used in a racially biased manner. *Id.* at 89, 106 S.Ct. 1712. *Batson* announced a three part process to determine whether a challenge is tainted. *Id.* at 96–98, 106 S.Ct. 1712. First, the defendant has to make out a prima facie case showing that the prosecutor has exercised peremptory challenges on the basis of race. Second, if the prima facie showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror in question. Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Id.*; *Hernandez v. New York*, 500 U.S. 352, 358–359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991) (plurality). Though ideally the district court judge would engage in a clearly-delineated three-step inquiry, it is not required. *Batson*, 476 U.S. at 99, 106 S.Ct. 1712; *Lewis v. Lewis*, 321 F.3d 824, 830 (9th Cir.2003).

When considering a *Batson* challenge, we review de novo whether the prosecutor's proclaimed reason for exercising a peremptory challenge was an adequate explanation. *United States v. You*, 382 F.3d 958, 967 (9th Cir.2004). A trial court's determination on discriminatory intent is a finding of fact entitled to deference and is reviewed for clear error. *Id.* at 967–968 (quoting *United States v. Steele*, 298 F.3d 906, 910 (9th Cir.2002)).

The only issue on appeal is whether the district court judge properly determined that Doe had not carried his burden of proving purposeful discrimination. The record shows that the prosecutor proffered a race-neutral reason for peremptorily challenging Juror X. The prosecutor stated that he was concerned that Juror X's medical conditions would be distracting to her. Doe responded that the proffered reason was insufficient for various reasons. The district court judge chose to believe the prosecution. Because the district court's determination is supported by the record, we conclude that the district court did not clearly err in finding that Doe did not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

carry his burden of proving purposeful discrimination. Therefore, the district court did not err in rejecting Doe's *Batson* challenge as to Juror X.

**AFFIRMED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.